**In re TEXTILE INDUSTRIES, INC., Debtor.**

**Bankruptcy No. B–95–12517C–11G.**

United States Bankruptcy Court, M.D. North Carolina, Greensboro Division.

April 5, 1996.

J. Brooks Reitzel, Jr., High Point, NC, for Debtor.

Sarah F. Sparrow, Greensboro, NC, for Unsecured Creditors' Committee.

Robin Palenske, Greensboro, NC, for Bankruptcy Administrator.

Martin F. Schlaeppi, for Dixon Odom.

## ORDER

WILLIAM L. STOCKS, Chief Judge.

This case came before the court on March 11, 1996, for hearing upon the application for allowance of compensation for Dixon, Odom & Co., L.L.P. ("Dixon Odom") for services rendered as accountants for the Debtor in this case. J. Brooks Reitzel, Jr. appeared as attorney for the Debtor; Sarah F. Sparrow appeared as attorney for the Unsecured Creditors' Committee, Robin Palenske appeared on behalf of the Bankruptcy Administrator and Martin F. Schlaeppi appeared as a representative of Dixon Odom. The application for compensation was supported by the Debtor and was opposed by the Bankruptcy Administrator and the Unsecured Creditors' Committee. Based upon the evidence offered during the hearing and the matters of record in the official court file, the court makes the following findings of fact and conclusions of law.

### FACTS

Debtor filed under Chapter 11 on September 20, 1995 and has continued as a debtor in possession since that date. Simultaneously with the filing of the Chapter 11 petition, an application was filed to employ the law firm of Wyatt, Early, Harris and Wheeler as attorneys for the debtor in possession. An order was entered on September 28, 1995, authorizing the employment of Wyatt, Early, Harris and Wheeler as attorneys for the debtor. On November 7, 1995, Debtor filed an application to approve the employment of Dixon Odom as accountants "to provide assistance in the preparation and filing of the debtor's income tax returns for the tax year 1995, to assist the debtor in establishing and maintaining post-petition accounting records, to assist the debtor in the preparation of post-petition pro-formas and any other matters as may be needed *during the pendency*

*of this case."* (Emphasis supplied). The application to employ Dixon Odom as accountants for the Debtor was signed by J. Brooks Reitzel on behalf of the Debtor. Attached to the application was an affidavit from Martin F. Schlaeppi, a partner in Dixon Odom, which stated that he was "a disinterested person and does not hold or represent an interest adverse to the estate with respect to the matter on which he is proposed to be employed."[1] The application did not request a *nunc pro tunc* appointment. While the application and its attachments disclosed that Dixon Odom had "previously provided general accounting services for the debtor, including preparation of financial statements and tax returns", neither the application nor its attachments disclosed that the Debtor was indebted to Dixon Odom for services rendered prior to the filing of the Chapter 11 petition. On November 14, 1995, based upon the application and attachments, the court entered an *ex parte* order which authorized the Debtor to employ Dixon Odom "for such accounting services required to be performed on behalf of the debtor *during the pendency of this case."* (Emphasis supplied).

On February 12, 1996, the Debtor filed an application in which it moved the court for the allowance of compensation to Dixon Odom for services rendered by Dixon Odom on behalf of the Debtor. Attached to this application as Exhibit A was an invoice from Dixon Odom which itemized the services for which compensation was sought. The application seeks total compensation of $7,041.70 for services rendered from September 7, 1995 through November 30, 1995, together with expenses of $39.20 for travel and long distance telephone calls. The application itemizes 38 hours of services by Mr. Schlaeppi and 4.70 hours of services by Michael Wright. Compensation for Mr. Schlaeppi's time is sought at an hourly rate of $175.00

---

1. The language of this statement tracks the language of § 327(e) which authorizes the trustee to employ an attorney for a specified special purpose if such employment is in the best interest of the estate and if the attorney does not hold an interest adverse to the debtor or to the estate with respect to the matter on which the attorney is to be employed. This subsection of § 327(e) does not include a requirement that the attorney be disinterested. However, § 327(e) does not authorize the appointment of professionals other than attorneys for a special purpose. Professionals other than attorneys, such as accountants, must be employed pursuant to the requirements of § 327(a) which requires that the professional not hold an interest adverse to the estate *and* be a disinterested person.

while the hourly rate sought for the services rendered by Mr. Wright is $75.00.

The Bankruptcy Administrator objected to the allowance of compensation to Dixon Odom on the grounds that Dixon Odom is not disinterested because it has a claim for pre-petition services rendered to the Debtor.[2] The Bankruptcy Administrator also argued that in no event would any of the services rendered prior to the petition date be compensable. The Unsecured Creditors' Committee joined in the objections of the Bankruptcy Administrator.

The application for compensation and the testimony of Mr. Schlaeppi establish that starting on September 7, 1995, and continuing up until the filing of the petition on September 20, 1995, Dixon Odom performed accounting services on behalf of the Debtor. These pre-petition accounting services are included in the services for which compensation is sought in the application now before the court. The pre-petition services rendered by Dixon Odom between September 7 and the petition date account for 30.5 hours for which compensation of $4,867.50 is sought in the application.[3] The issues presented by the application for compensation for Dixon Odom and the objections thereto are whether Dixon Odom is disinterested within the meaning of § 330(a) and, if not, whether compensation, nonetheless, should be awarded to Dixon Odom.

## LEGAL CONCLUSIONS AND DISCUSSION

### 1. Is Dixon Odom "disinterested"?

█ Section 330(a)(1) of the Code provides in pertinent part that "the court may award to a . . . professional person employed under section 327 or 1103 . . . reasonable compensation for actual, necessary services rendered by the . . . professional person . . . and by any paraprofessional person employed by such persons and . . . reimbursement for actual, necessary expenses." The authority to employ accountants who may be compensated pursuant to § 330(a)(1) is found in § 327(a) which provides in pertinent part that "the trustee,[4] with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, *and that are disinterested persons,* to represent or assist the trustee in carrying out the trustee's duties under this title." (Emphasis supplied). Thus, one of the requirements for an accountant to be employed pursuant to § 327(a) and to be compensated pursuant to § 330(a)(1) is that the accountant be a "disinterested person." The definition of a "disinterested person" is found in § 101(14) of the Bankruptcy Code. Under this definition, a "disinterested person" does not include "a creditor, an equity security holder, or an insider." One who is a "creditor" therefore is not disinterested for purposes of § 327(a). The definition of a "creditor" is found in § 101(10) of the Code. Under this definition, a "creditor" is an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor . . . ."

The application and the testimony of Mr. Schlaeppi establish unequivocally that when the application for employment was filed on November 7, 1995, Dixon Odom had a claim against the Debtor that arose before the order for relief was entered, *to wit,* a claim

---

2. Mr. Schlaeppi testified that on September 6, 1995, on the advice of Debtor's attorneys, Dixon Odom forgave a $20,000.00 pre-petition debt owed to Dixon Odom by the debtor so that Dixon Odom could be employed by the debtor in this Chapter 11 case. However, Dixon Odom did not waive the amount owed to Dixon Odom for the pre-petition services rendered between September 7, 1995, and September 20, 1995, the date on which this case was filed.

3. The application also includes 9.4 hours of services which were rendered after this case was filed and *before* the application to employ Dixon

Odom was filed. This time accounts for $1,646.00 of the compensation requested by Dixon Odom. This leaves only 4 hours of services (involving $529.20 of requested compensation) which were performed subsequent to the filing of the application to employ Dixon Odom in this case.

4. Pursuant to § 1107 of the Bankruptcy Code, a debtor in possession stands in the shoes of a trustee and is given the rights and powers of a trustee, including the trustee's authority to employ attorneys and accountants pursuant to § 327.

for compensation for services rendered between September 7, 1995 and September 20, 1995, the date of the filing of the Chapter 11 petition in this case. Under § 101(14), a person that is a "creditor" of the debtor is not "disinterested". It follows that Dixon Odom was not a disinterested person by virtue of its status as a creditor of the debtor both at the time of the filing of debtor's petition and at the time of the application for appointment as accountants for the debtor.

■ This leaves the issue of whether Dixon Odom should be compensated even though not disinterested and, if so, the amount of such compensation. Rather than address this issue at this time, the court has decided to deal with this issue at the same time that it deals with the matter of the compensation to be awarded to the attorneys for the Debtor. Accordingly, Dixon Odom's application for compensation shall be scheduled for further hearing on the same date that the application of Debtor's attorneys for final compensation is scheduled for hearing. In the meantime, since Dixon Odom is not disinterested, Dixon Odom must be removed as accountants for the Debtor. Also, pending the hearing on final compensation, no further payments of interim compensation shall be made to the attorneys for the debtor.

IT IS SO ORDERED.